## YOUNG v. UNITED STATES.

(Court of Appeals of District of Columbia. Submitted October 1. 1923. Reargued May 5, 1924. Decided June 2, 1924.)

No. 3953.

1. Criminal law ⊛460—Witness held competent to testify as to value of automobile tires.

Witness, who testified that he knew the value of automobile tires and had been driving and repairing automobiles for 10 years, but had never bought and sold tires as a business, *held* competent to testify as to value of tires which he had stolen and sold to defendant.

2. Criminal law ⊛1169(9)—Admission of opinion testimony, corroborated by expert testimony, held not prejudicial.

Admission of opinion testimony as to value of automobile tires *held* not prejudicial, where it was corroborated by testimony of a qualified expert.

3. Receiving stolen goods ⊛8(2)—Exclusion of testimony that witness was able to sell for less than market price held not prejudicial.

In a prosecution for receiving stolen automobile tires, for which defendant paid less than market value, exclusion of testimony that witness under certain circumstances was able to sell tires for less than market price, *held* not prejudicial, especially where defendant testified that he did not know market value.

4. Criminal law ⊛829(12)—Substance of prayer as to reasonable doubt contained in charge.

Substance of prayer that, if evidence leading to acquittal was as reasonable as that which led to conviction, jury should acquit, *held* contained in charge.

5. Criminal law ⊛789(4)—Charges as to reasonable doubt held sufficient.

In a prosecution for receiving stolen automobile tires, charge as to reasonable doubt *held* sufficient and not misleading.

Appeal from the Supreme Court of the District of Columbia.

Allen Merrill Young was convicted of receiving stolen property, and he appeals. Affirmed.

Wilton J. Lambert, R. H. Yeatman, and Alfred M. Schwartz, all of Washington, D. C., for appellant.

Peyton Gordon and J. H. Bilbrey, both of Washington, D. C., for the United States.

Before ROBB and VAN ORSDEL, Associate Justices, and SMITH, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appellant, defendant below, was found guilty under an indictment charging him with knowingly receiving and buying, with intent to defraud, fifty-nine stolen automobile tires, of the alleged value of $2,500.

[1, 2] A witness by the name of Spittler, who had stolen the tires, testified that for 10 years he had been driving and repairing automobiles, and that, while he never had bought and sold tires as a business, he knew the value of tires. Over the objection and exception of defendant, he then was permitted to testify as to the value of the tires he had sold defendant. The tires were new, of a standard make, and any one with Spittler's experience must have had a fairly accurate

knowledge of their value. Certainly his testimony was competent, and its weight for the jury. The general manager of the Goodyear Tire & Rubber Company, a qualified expert, corroborated the witness, and the defendant himself testified that Spittler always carried the list price of tires, which defendant bought at from 20 to 25 per cent. below that price. In any view, therefore, defendant suffered no prejudice.

[3] The defendant produced a witness who, according to his testimony, had been in the tire business for two years, and, as a jobber, had "bought tires from firms going out of business or having surpluses." It was proposed to show by this witness "that he was able to sell in the way of jobbing the Blackstone tires under those circumstances at a very much lesser price than the list price." The exclusion of this testimony is the basis of the second assignment of error.

The fact that this witness was able to sell tires, under the circumstances detailed by him, at less than list price, had no real bearing upon the market value of the stolen tires purchased by defendant. Moreover, the defendant's testimony on this point is inconsistent with the theory that the exclusion of the above testimony was prejudicial to him, since he testified that "he did not know the market value of the tires." That value, therefore, whatever it was, could not have influenced him.

[4] The defendant offered five prayers, of which the first, second, and third were granted as offered, and the fourth and fifth refused. In the first prayer the jury were instructed that an essential ingredient of the crime of receiving stolen property "is knowledge or belief on the part of the buyer or receiver that the goods had been stolen, and this knowledge or belief must exist at the time of the receipt or purchase of the goods." The second prayer defined the weight to be given evidence of good character. In the third prayer the jury were instructed that the burden of proof was upon the government, and that—

"All the presumptions of the law, independent of the evidence, are in favor of his innocence. The law presumes every defendant who has been indicted and charged with crime to be innocent until he has been proved guilty, beyond all reasonable doubt."

This prayer further admonished the jury that if, after considering all the evidence, they then entertained a reasonable doubt as to defendant's guilt, defendant was entitled to the benefit of such doubt, and the verdict should be not guilty. In the fourth prayer it was sought to instruct the jury that if, from an examination of the evidence, two views were open, they should adopt the view leading to acquittal, "if that view of the evidence leading to his acquittal is as reasonable as that which leads to his conviction." The fifth prayer defined reasonable doubt.

In his charge the court first directed the attention of the jury, very fully and carefully, to the elements of the crime of knowingly receiving stolen property. After cautioning the jury that the indictment was not evidence, the court said:

"You start in this case, and in any other case, with the presumption that a man is not guilty, that some explanation exists for anything that may appear to be wrong; and your minds are in the attitude of where you are looking for some explanation of anything that might seem to be wrong, expecting and

hoping that it was really honest. That is your attitude towards what this evidence means, a presumption of innocence which would presume nothing against a man—you do not find anything against him except what the evidence compels you to find."

The court stated the admitted facts and the contentions of the government and then added:

"On the other hand, it is said that they are all consistent with the theory that Young was an honest man; that he entertained the honest belief that these things had not been stolen, but had been honestly acquired by this man Spittler. That is a question for you; it is entirely for you. It is the law that, when all the evidence is taken into consideration by the jury, when they have it all in mind, and give it all the weight that ought to be given to it in their judgment, that if they then can reasonably entertain the theory that the defendant was acting honestly, in good faith, they are bound to adopt that theory and acquit him. If, on the other hand, on the theory suggested by counsel here, which is the theory that he was acting honestly and in good faith, if that theory does violence to the reason and common sense of the jury, they cannot adopt it, because their verdict has to be based upon reason and common sense."

The court then dealt fully with other phases of the case, and admonished the jury to view with suspicion the testimony of the witness Spittler, who, by his own admission, was an accomplice. At the close of the charge the court said:

"Mr. Lambert [of counsel for defendant] read to you a couple of instructions. I will not read them to you again. They are fair statements of the law, and you will take them as your rule in the case. I think I have covered the other points that were suggested by the instructions that I did not care to grant in the exact form in which they were presented. If counsel wish me to speak particularly of any other matter of law, I would be glad to do so."

Thereupon counsel for defendant made suggestions, which were adopted by the court, but there was no suggestion that the court had not in substance charged as requested in the fourth and fifth prayers, unless such suggestion be inferred from the action of counsel in excepting "to the refusal to grant the prayers offered, and to the charge of the court to the jury."

While it might be held that the failure of counsel, in the circumstances of this case, to point out wherein the charge as given failed to cover the propositions advanced in the refused prayers, amounted to acquiescence in the charge, we nevertheless will resolve the doubt in favor of the defendant, and consider the exception as saved. That the substance of the fourth prayer is contained in the court's charge is plain. Indeed, the language of the charge is almost identical with that of this prayer. As to the fifth prayer, directed to the question of reasonable doubt, it is earnestly insisted that the decision of this court in Egan v. U. S., 287 Fed. 958, 52 App. D. C. 384, is controlling, and requires a reversal of the judgment here. That case involved an indictment under sections 113 and 117 of the United States Penal Code (Comp. St. §§ 10283, 10287), charging a law clerk in the Bureau of Internal Revenue with having accepted compensation for services rendered in his official capacity, and, as stated in the opinion, the charge of the court on the question of reasonable doubt contained nothing more than an abstract statement of the rule. In the present case, as

we have seen, the court carefully defined the elements of the crime, admonished the jury that they should not only keep before them the presumption of the defendant's innocence, but must be "looking for some explanation of anything that might seem to be wrong, expecting and hoping that it was really honest"; stated that the jury should not find anything against the defendant, unless compelled by the evidence; explained that, if the facts disclosed by the evidence were consistent with the belief that the tires had not been stolen, the defendant should be acquitted; and added that, "when all the evidence is taken into consideration by the jury, when they have it all in mind, and give it all the weight that ought to be given to it in their judgment, that if they then can reasonably entertain the theory that the defendant was acting honestly, in good faith, they are bound to adopt that theory and acquit him." Taking this charge as a whole, as we must, we think it a substantial compliance with the rule laid down in the Egan Case, from which we have no desire to depart. The jury could not have failed to understand the meaning of reasonable doubt, as applied to the facts of this case.

It results that the judgment must be and is affirmed.

Affirmed.